## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>84 County Road, Scarborough, ME 04074 |
| **Brett M. Canney** | Mortgage:<br>January 19, 2007<br>Book 24784, Page 342 |
| **Defendant**<br>Bank of America, N.A.<br>O`Reilly Automotive Stores, Inc.<br>CACH LLC | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Brett M. Canney, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, in which the Defendant, Brett M. Canney, is the obligor and the total amount owed under the terms of the Note is One Hundred Ninety-Six Thousand Fifteen and 00/100 ($196,015.00) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust is a corporation with its principal place of business located at c/o Pretium Mortgage Credit Management, 120 South Sixth Street, #2100, Minneapolis, MN 55402.

5. The Defendant, Brett M. Canney, is a resident of Scarborough, County of Cumberland and State of Maine.

6. The Party-in-Interest, Bank of America, N.A., is located at 100 North Tryon Street, Charlotte, NC 28255.

7. The Party-in-Interest, CACH LLC, is located at c/o CT Corporation Systems, 128 State Street, #3, Augusta, ME 04330.

8. The Party-in-Interest, O`Reilly Automotive Stores, Inc. , is located at c/o CT Corporation Systems, 128 State Street, #3, Augusta, ME 04330.

## FACTS

9. On August 17, 2006, by virtue of a Warranty Deed from Sally W. Canney, which is recorded in the Cumberland County Registry of Deeds in **Book 24276, Page 251**, the property situated at 84 County Road, City/Town of Scarborough, County of Cumberland, and State of Maine, was conveyed to Brett M. Canney, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On January 19, 2007, Defendant, Brett M. Canney, executed and delivered to Meridian Mortgage Group, LLC a certain Note under seal in the amount of $171,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on January 19, 2007, Defendant, Brett M. Canney executed a Mortgage Deed in favor of Meridian Mortgage Group, LLC, securing the property located at 84 County Road, Scarborough, ME 04074 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 24784**, **Page 342**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Mortgage Electronic Registration Systems, Inc. by virtue of an Assignment of Mortgage dated January 19, 2007 and recorded in the Cumberland County Registry of Deeds in **Book 24942**, **Page 66**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated October 27, 2014 and recorded in the Cumberland County Registry of Deeds in **Book 31887**, **Page 186**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 21, 2015 and recorded in the Cumberland County

Registry of Deeds in **Book 32226**, **Page 85**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On August 22, 2016, the Defendant, Brett M. Canney, executed a LoanModification Agreement which increased the principal amount of the Note to $145,615.35 (herein after referred to as the "Loan Modification"). *See* Exhibit G (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

16. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust by virtue of an Assignment of Mortgage dated February 21, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 34839**, **Page 182**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. On February 8, 2021, the Defendant, Brett M. Canney, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendant, Brett M. Canney, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

19. The Defendant, Brett M. Canney, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

23. Bank of America, N.A. is a Party-in-Interest pursuant to a Mortgage in the amount of $66,100.00 dated January 23, 2007, and recorded in the Cumberland County Registry of Deeds in **Book 24823**, **Page 275** and is in second position behind Plaintiff's Mortgage.

24. CACH LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,581.60 dated October 27, 2016, and recorded in the Cumberland County Registry of Deeds in **Book 33691**, **Page 114** and is in second position behind Plaintiff's Mortgage.

25. O`Reilly Automotive Stores, Inc. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $9,363.13 dated October 24, 2016, and recorded in the Cumberland County Registry of Deeds in **Book 33710**, **Page 297** and is in third position behind Plaintiff's Mortgage.

26. The total debt owed under the Note and Mortgage as of March 19, 2021 is One Hundred Ninety-Six Thousand Fifteen and 00/100 ($196,015.00) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $145,484.26 |
| Interest | $24,183.99 |
| Escrow Advance | $24,446.75 |
| Corporate Advance | $1,900.00 |
| Grand Total | $196,015.00 |

27. Upon information and belief, the Defendant, Brett M. Canney, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

28. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 84 County Road, Scarborough, County of Cumberland, and State of Maine. *See* Exhibit A.

30. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, has the right to foreclosure and sale upon the subject property.

31. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendant, Brett M. Canney, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2016, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

33. The total debt owed under the Note and Mortgage as of March 19, 2021 is One Hundred Ninety-Six Thousand Fifteen and 00/100 ($196,015.00) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $145,484.26 |
| Interest | $24,183.99 |
| Escrow Advance | $24,446.75 |
| Corporate Advance | $1,900.00 |
| Grand Total | $196,015.00 |

34. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendant, Brett M. Canney's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

36. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Brett M. Canney, on February 8, 2021, evidenced by the Certificate of Mailing. *See* Exhibit I.

37. The Defendant, Brett M. Canney, is not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

38. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. On January 19, 2007, the Defendant, Brett M. Canney, executed under seal and delivered to Meridian Mortgage Group, LLC a certain Note in the amount of $171,000.00. *See* Exhibit B.

40. The Defendant, Brett M. Canney, is in default for failure to properly tender the October 1, 2016 payment and all subsequent payments. *See* Exhibit I.

41. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Brett M. Canney.

42. The Defendant, Brett M. Canney, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

43. The Defendant Brett M. Canney's breach is knowing, willful, and continuing.

44. The Defendant Brett M. Canney's breach has caused Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of March 19, 2021, if no payments are made, is One Hundred Ninety-Six Thousand Fifteen and 00/100 ($196,015.00) Dollars, which includes:

    | Description | Amount |
    | --- | --- |
    | Principal Balance | $145,484.26 |
    | Interest | $24,183.99 |
    | Escrow Advance | $24,446.75 |
    | Corporate Advance | $1,900.00 |
    | Grand Total | $196,015.00 |

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Note, the Defendant, Brett M. Canney, entered into a written contract with Meridian Mortgage Group, LLC who agreed to loan the amount of $171,000.00 to the Defendant. *See* Exhibit B.

49. As part of this contract and transaction, the Defendant, Brett M. Canney, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the proper holder of the Note and successor-in-interest to Meridian Mortgage Group, LLC, and has performed its obligations under the Note and Mortgage.

51. The Defendant, Brett M. Canney, breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2016 payment and all subsequent payments. *See* Exhibit _.

52. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Brett M. Canney.

53. The Defendant, Brett M. Canney, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

54. The Defendant, Brett M. Canney, is indebted to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust in the sum of One Hundred Ninety-Six Thousand Fifteen and 00/100 ($196,015.00) Dollars, for money lent by the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, to the Defendant.

55. Defendant Brett M. Canney's breach is knowing, willful, and continuing.

56. Defendant Brett M. Canney's breach has caused Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of March 19, 2021, if no payments are made, is One Hundred Ninety-Six Thousand Fifteen and 00/100 ($196,015.00) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $145,484.26 |
| Interest | $24,183.99 |
| Escrow Advance | $24,446.75 |
| Corporate Advance | $1,900.00 |
| Grand Total | $196,015.00 |

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

59. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Meridian Mortgage Group, LLC, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, loaned Defendant, Brett M. Canney, $171,000.00.  *See* Exhibit B.

61. The Defendant, Brett M. Canney, is in default for failure to properly tender the October 1, 2016 payment and all subsequent payments.  *See* Exhibit I.

62. As a result of the Defendant Brett M. Canney's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust.

63. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

64. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 63 as if fully set forth herein.

65. Meridian Mortgage Group, LLC, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, loaned the Defendant, Brett M. Canney, $171,000.00.  *See* Exhibit B.

66. The Defendant, Brett M. Canney, has failed to repay the loan obligation.

67. As a result, the Defendant, Brett M. Canney, has been unjustly enriched to the detriment of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust as successor-in-interest to Meridian Mortgage Group, LLC by having received the aforesaid benefits and money and not repaying said benefits and money.

68. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Brett M. Canney, is in breach of the Note by failing to make payment due as of October 1, 2016, and all subsequent payments;

d) Find that the Defendant, Brett M. Canney, is in breach of the Mortgage by failing to make payment due as of October 1, 2016, and all subsequent payments;

e) Find that the Defendant, Brett M. Canney, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Brett M. Canney, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2016 and all subsequent payments;

g) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Brett M. Canney has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, to restitution;

j) Find that the Defendant, Brett M. Canney, is liable to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, for money had and received;

k) Find that the Defendant, Brett M. Canney, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Brett M. Canney, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Brett M. Canney, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to restitution for this benefit from the Defendant, Brett M. Canney;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Brett M. Canney, and in favor of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, in the amount of One Hundred Ninety-Six Thousand Fifteen and 00/100 ($196,015.00 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust,
By its attorneys,

Dated: April 6, 2021

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com